JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
RICHARD W. TRAMMELL, individually and on behalf of all others similarly situated,

**DEFENDANTS**
BARBARA'S BAKERY, INC. a California corporation; and DOES 1-50

(b) County of Residence of First Listed Plaintiff Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Sonoma
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
AHDOOT & WOLFSON, P.C.,
10850 WILSHIRE BLVD., STE. 370,
LOS ANGELES, CA 90024; T: 310-474-9111; F: 310-474-8585

Attorneys *(If Known)* 99 12-2664JSC

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: Class Action Fairness Act, 28 U.S.C. Section 1132(d)

Brief description of cause: Cal. False Advertising Law, Cal. Unfair Competition Law, Breach of Express Warranty

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ Excess of $5 million CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
(Place an "X" in One Box Only) ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 05/23/2012 SIGNATURE OF ATTORNEY OF RECORD T. Wolfson

FILED BY FAX

E-filing

TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
THEODORE W. MAYA, SBN 223242
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

Counsel for Plaintiff
RICHARD W. TRAMMELL

FILED
MAY 23 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JSC

FILED BY FAX
PURSUANT TO LOCAL RULES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 12 2664

| | |
|---|---|
| RICHARD W. TRAMMELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARBARA'S BAKERY, INC. a California corporation; and DOES 1-50,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Richard W. Trammell, by and through his counsel, brings this Class Action Complaint against Barbara's Bakery, Inc., on behalf of himself and all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. In recent years, consumers have become more willing to pay a premium for food and beverages that they perceive to be healthy, organic, natural and non-genetically modified. As a result, the market for natural or organic foods and beverages has grown rapidly, yielding billions of dollars in revenue for food and beverage manufacturers.

2. Barbara's Bakery, Inc. ("Barbara's" or "Defendant") is a wholly owned subsidiary of Weetabix North America, which is the North American arm of Weetabix Food Company, a United Kingdom-based company and worldwide cereal conglomerate. In March 2012, 60% of the Weetabix Food Company was sold to "Bright Food," a firm from Shanghai, China for 1.2 Billion British pounds (approximately $1.9 Billion).

3. Barbara's has been striving to "raise its profile in the $31 billion U.S. market for health food." (http://www.barbarasbakery.com/news/barbaras-bakery-rebranding-turns-to-petaluma-legacy/ (last visited on May 21, 2012)).

4. Defendant manufactures, markets and sells the cereal "Puffins" nationwide from its manufacturing plant in Petaluma, California. Corn-based Puffins® are available in the "Original," "Multigrain," "Peanut Butter," "Cinnamon," "Peanut Butter and Chocolate," "Crunchy Cocoa," and "Fruit Medley" varieties (collectively, the "Products.")

5. In an effort to capture a segment of the lucrative health food market, Defendant has systematically marketed and advertised Puffins® as "all natural" on the

cereal boxes and bags, on its website, TV commercials and social media such as Facebook, so that any United States consumer who purchases Puffins® is exposed to Defendant's "all natural" claim.

6. This claim is deceptive and misleading because Puffins® are made with unnatural ingredients. Specifically, Puffins® are made with GMO plants whose genes have been altered by scientists in a lab for the express purpose of causing those plants to exhibit traits that are not naturally their own. GMO are not natural by design.

7. Accordingly, Barbara's misleads and deceives reasonable consumers, including the named Plaintiffs and the other members of the Class, by portraying a product made from unnatural ingredients as "All Natural."

8. Barbara's conduct harms consumers by inducing them to purchase and consume a product with GMO on the false premise that the product is "all natural."

9. Plaintiff brings claims against Defendant individually and on behalf of a nationwide class of all other similarly situated purchasers of corn-based Puffins® for violations of California's Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq*. ("UCL"), the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*. ("FAL"), and breach of express warranties. Plaintiffs seek an order requiring Defendant to, among other things: (1) cease the unlawful marketing; (2) conduct a corrective advertising campaign; and (3) pay damages and restitution to Plaintiff and Class members in the amounts paid to purchase the products at issue.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

11. The Court has personal jurisdiction over Defendant because Defendant is incorporated in California and has its primary manufacturing facility in Petaluma, California. Defendant is authorized to, and conducts, substantial business in California.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1), because a substantial part of the events and omissions giving rise to this action occurred in this District in Defendant's primary manufacturing plant in Petaluma, California.

**PARTIES**

13. Plaintiff Richard W. Trammell is a resident of Los Angeles, California and Granger, Texas. Mr. Trammell has purchased numerous Products in Los Angeles, California and in Austin, Texas over the past four years in reliance on Defendant's representations that the Products were "All Natural". These representations and omissions were material to Mr. Trammell's decision to purchase the Products. Mr. Trammell was willing to pay for the Products because of the representations that they were "all natural" and would not have purchased the Products, would not have paid as much for the Products, or would have purchased alternative products in absence of the representations.

14. Defendant Barbara's Bakery, Inc. is a California corporation with its principal place of business at 3900 Cypress Drive, Petaluma, California 94954. Defendant manufactures and distributes the Products from its manufacturing plant in Petaluma, California to consumers in California and throughout the United States.

**SUBSTANTIVE ALLEGATIONS**

**Defendant Deceptively Labels The Corn-Based Puffins® As "All Natural"**

15. Throughout the Class Period, Defendant systematically marketed and advertised Puffins® cereal as "all natural" in product packaging, print advertisements, in television commercials, on its website, and on social media sites such as Facebook. The "all natural" message is inherently intertwined with Barbara's Bakery® brand definition and recognition.

16. Defendants label every box or bag of Puffins as "All Natural Since 1971" next to a red heart with an image of a stalk of grain in it, in the same color block as the brand name Barbara's®. The color block spans across a bucolic scene, also in the shape of a heart, of a small farm with rows of crops, trees, mountains and sky and the words "Petaluma, California":



17. The back of the box or bag also features numerous slogans and representations to induce the purchaser into believing that the product is all natural, including the following statements:

- "Eat the Way you Live, Naturally."
- "At Barbara's®, we believe the best things in life are all natural – like smiles, hugs, and our super tasty Multigrain Puffins made with whole oats, brown rice and corn…"
- "healthy living, naturally"
- "Honest Goodness. Give our other all natural products a try."
- "Celebrate Family! In 1971, when Barbara started our company, Petaluma was at the heart of the natural foods movement. Petaluma is still a place of farms, milk cows, and people deeply connected to nature. The movement has spread and our family of products has grown too. We chose a few of our favorite cereals to create a "family size." Now everyone can enjoy Barbara's original vision – make great tasting, healthy foods what people love – all without artificial ingredients or preservatives. Gather the family around the table and enjoy!"
- "*healthy living, naturally*

  Make a Puffins breakfast or snack part of saying "yes" to your healthy, active lifestyle. Good health habits are built with dedicated repetition, day after day…and bowl after bowl. Let Barbara's delicious natural foods help you create the healthy lifestyle you deserve."
- "Make Friends with All Natural Goodness."
- "A Naturally Dynamic Duo. At Barbara's®, our recipe for success is great taste and all-natural ingredients…"
- "The Best Things in Life are Natural. Morning at Barbara's® finds us in the kitchen with big red bowls, munching on crunchy Peanut Butter

Puffins. Each mouthful is a burst of real peanut butter and the best whole grain oats and corn. We happen to think our cereal is one incredibly delicious combo of great taste and natural nutrition. Plus, it's low in fat and always free of artificial flavors, preservatives and additives –because that's Barbara's way":



18. Similarly, on its website http//www.bararasbakery.com, Defendant makes numerous statements and representations to re-enforce the "all natural" part of its brand.

19. For example, at the top of the homepage, a changing banner appears with the following slogans:

- Eat Natural, Live Natural. Start with Breakfast.
- Let's eat the way we live. Naturally.
- A hug, a smile, and whole grains. The best things in life are natural.
- We believe sunny afternoons should be spent outside. And snacks should be natural.

(http://www.barbarasbakery.com (last visited on May 21, 2012)).

20. In recounting the company's history, and referring to its alleged founder, Defendant states, among other things: "Barbara, then 17, found her calling in real food and opened a small natural bakery in Northern California. She had a simple plan - make wholesome food taste incredibly delicious. Inspired by good health, family, and the kitchen table as the cornerstones of the good life, she used whole grains and oats just as nature intended – free from anything artificial… Today, a few of us wish we still wore flowers in our hair like Barbara did. And, we know our mission is clear: healthy people, naturally. We carry on Barbara's commitment to create the best-tasting natural products free of artificial preservatives and ingredients, hydrogenated oils, and refined white sugar." (http://www.barbarasbakery.com/about/ (last visited on May 21, 2012)).

21. Another page of the website boasts as follows:

" **We've Got a New Look and it's Just as Natural as Our Ingredients**.

We've been making great tasting naturally healthy food—free of artificial colors, preservatives and harmful additives since 1971. Our bold, simplified look, featuring 100% recycled carbon neutral GreenChoice cartons makes it easier for health conscious consumers to find us in their local grocery store.

It's all part of our long-term commitment to natural ingredients. Barbara's is a company born and raised on the values of the natural foods movement of the early 1970s. These pioneers believed that promoting sustainable agriculture and green living along with eating natural and organic would lead to healthier, happier lives.

Barbara opened a small natural bakery with a strong commitment to healthier foods, but with a slightly different point of view: what good is healthy food if no one will eat it? She made sure that her naturally wholesome foods taste great as well. It's no surprise that Barbara's is still thriving and we still live by the principle our founder believed in: that making great tasting recipes with all-natural ingredients will make your family healthier and happier. Naturally.

**All Natural Since 1971**."

(http://www.barbarasbakery.com/new-look/ (last visited on May 21, 2012)).

22. The "all natural" claim is re-enforced and re-iterated throughout television commercials for the Products. For example, one TV ad entitled "Pass the Puffins" features a mother and her twin sons at breakfast, conversing with an animated puffin bird as follows:

Mom: I found the greatest cereal. It's all natural and it's called Penguins cereal.
Puffin: No, no, it's called Puffins.
Mom: Even my kids love the naturally sweet taste and the cute penguin on the box.
Puffin: Ah, I am kind of cute, thank you . . . but I'm also a puffin, not a penguin. We don't even live in the same hemisphere!
Mom: [smiles] ...and Penguins has only five grams of sugar.
Puffin: [squawks in frustration, then addresses twin sons] Does- Does she get your names right?
[Twins look at each other with blank expressions]
Puffin: ...that's excusable.
Narrator voiceover: Puffins Cereal, in the natural food aisle.
Puffin: Pass the Puffins.

["Pass the Puffins" text on screen]

(http://www.barbarasbakery.com/ (last visited May 23, 2012).)

23. By consistently and systematically marketing and advertising Puffins as "all natural," throughout the Class Period, Defendant ensured that all consumers purchasing Puffins would be exposed to its "all natural" claim.

24. A claim that a product is "natural" is material to a reasonable consumer.

**Genetically-Modified Organisms Are Not Natural**

25. The dictionary defines the term "natural" as "existing in or produced by nature: not artificial." (Webster's Ninth New Collegiate Dictionary 788 (1990)). This common dictionary definition of the term "natural" is consistent with the expectations of a reasonable consumer.

26. Genetically-modified organisms ("GMO") are not natural, let alone "all natural." Monsanto, the company that makes GMO, defines GMO as "Plants or animals that have had their genetic makeup altered to exhibit *traits that are not naturally theirs*. In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism." (http://www.monsanto.com/newsviews/Pages/glossary.aspx#g (last visited May 21, 2012) (emphasis added)). "Unnatural" is a defining characteristic of genetically modified foods.

27. Romer Labs, a company that provides diagnostic solutions to the agricultural industry, defines GMO as "[a]griculturally important plants [that] are often genetically modified by the insertion of DNA material from outside the organism into the plant's DNA sequence, allowing the plant to *express novel traits that normally would not appear in nature*, such as herbicide or insect resistance. Seed harvested from GMO plants will also contain these [sic] modification." (http://www.romerlabs.cornlen/analytes/genetically-modified-organisms.html (last visited May 21, 2012) (emphasis added)).

28. That GMO are not natural is further evidenced by the explanations of health and environmental organizations, such as The World Health Organization, which defines genetically-modified organisms as "organisms in which *the genetic material (DNA) has been altered in a way that does not occur naturally.* The technology is oftencalled 'modern biotechnology' or 'gene technology', sometimes also 'recombinant DNA technology' or 'genetic engineering'. It allows selected individual genes to be transferred from one organism into another, also between non-related species. Such methods are used to create GM plants – which are then used to grow GM food crops." (World Health Organization, 20 Questions on Genetically Modified(GM) Foods at http://www.who.int/foodsafety/publications/biotech/en/20questions_en.pdf (last visited May 21, 2012, 2012).

29. The Environmental Protection Agency has distinguished conventional breeding of plants "through natural methods, such as cross-pollination" from genetic engineering using modern scientific techniques. (United States Environmental Protection Agency, Prevention, Pesticides and Toxic Substances, Questions & Answers Biotechnology: Final Plant-Pesticide/Plant Incorporated Protectants (PIPs) Rules (Jul. 19, 2001) at http://www.epa.gov/scipoly/biotech/pubs/qanda.pdf ("*Conventional breeding* is a method in which genes for pesticidal traits are introduced into a plant *through natural methods*, such as cross-pollination.... Genetically engineered plant-incorporated protectants are created through a process that utilizes several different modem scientific techniques to introduce a specific pesticide-producing gene into a plant's DNA genetic material.") (emphasis of "through natural methods" added; remaining emphasis in original) (last visited May 21, 2012)).

30. As indicated by the definitions above, which come for a wide array of sources, including industry, government, and health organizations, GMO are not "all

natural." GMO are "created" artificially in a laboratory through genetic engineering. Thus, by claiming that its Products are "all natural," Defendant deceives and misleads reasonable consumers.

**The Corn-Based Puffins Cereals are Made From GMO Corn**

31. Based on independent third party testing, Defendant's Products are made from genetically modified corn.

32. Defendant's "all natural" representations are false, deceptive, misleading, and unfair to consumers, who are injured in fact by purchasing a product that Defendant claims are "all natural" when in fact they are not.

**CLASS ACTION ALLEGATIONS**

33. Plaintiffs seek relief in their individual capacity and seek to represent a class consisting of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiffs seek certification of a class initially defined as follows:

> All consumers in the United States who from May 23, 2008 until the final disposition of this case (the "Class Period"), purchased the following Barbara Bakery® Products: (1) Puffins® Original; (2) Puffins® Multigrain; (3) Puffins® Peanut Butter; (4) Puffins® Cinnamon; (5) Puffins® Peanut Butter and Chocolate; (6) Puffins® Crunchy Cocoa; and (7) Puffins® Fruit Medley.

34. Excluded from the Class are Defendant and its subsidiaries and affiliates, Defendant's executives, board members, legal counsel, the judges and all other court personnel to whom this case is assigned, and their immediate families.

35. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after they have had an opportunity to conduct discovery.

36. Numerosity. Fed. R. Civ. P. 23(a)(1). The potential members of the Class as defined are so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands or millions of consumers have purchased the listed Products.

37. Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a. Whether Defendant falsely and/or misleadingly misrepresented the Products as being "All Natural";

b. Whether Defendant's misrepresentations are likely to deceive reasonable consumers;

c. Whether Defendant violated California Civil Code § 1750, *et seq.*;

d. Whether Defendant violated California Business and Professions Code § 17500, *et seq.*;

e. Whether Defendant violated California Business and Professions Code § 17200, *et seq.*;

f. The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

38. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class. Plaintiffs and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

39. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs' Counsel are competent and experienced in litigating class actions.

40. Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

41. Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2). Defendant's misrepresentations are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**(California False Advertising Law – Cal. Bus. & Prof. Code § 17500, *et seq*.)**

42. Plaintiff incorporates by reference and re-alleges paragraphs 1-41.

43. Defendant publicly disseminated untrue or misleading advertising or intended not to sell its Products as advertised in violation of California Business & Professional Code § 17500, *et seq*., by representing that the Products are "All Natural," when they are not.

44. Defendant committed such violations of the False Advertising Law with actual knowledge or in the exercise of reasonable care should have known was untrue or misleading.

45. Plaintiff reasonably relied on Defendant's representations and/or omissions made in violation of California Business & Professional Code § 17500, *et seq*.

46. As a direct and proximate result of Defendant's violations, Plaintiffs suffered injury in fact and lost money.

47. Plaintiff, on behalf of himself and Class members, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and all Class members all monies they paid for the Products, and injunctive relief in the form of an order

prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

**SECOND CAUSE OF ACTION**

**(California Unfair Competition Law – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

48. Plaintiffs incorporate by reference and realleges paragraphs 1-41.

49. Defendant engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code § 17200, *et seq.*, by representing that the Products are "All Natural," when they are not.

50. Defendant's conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, the False Advertising Law, California Business & Professions Code § 17500.

51. Defendant's conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members. The harm to Plaintiff and Class members arising from Defendant's conduct outweighs any legitimate benefit Defendant derived from the conduct. Defendant's conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies Act and the False Advertising Law as alleged herein.

52. Defendant's actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers. Plaintiffs relied on Defendant's representations and omissions.

53. As a direct and proximate result of Defendant's violations, Plaintiffs suffered injury in fact and lost money.

54. Plaintiffs, on behalf of themselves and Class members, seek equitable relief in the form of an order requiring Defendant to refund Plaintiffs and all Class members all monies they paid for Products, and injunctive relief in the form of an order

prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

**THIRD CAUSE OF ACTION**

**(Breach of Express Warranty)**

55. Plaintiff incorporates by reference and realleges paragraphs 1-41.

56. Plaintiff brings this claim individually and on behalf of the Class.

57. Plaintiff and each member of the Class formed a contract with Defendants at the time Plaintiffs and the other members of the Class purchased one or more of the Products. The terms of that contract include the promises and affirmations of fact made by Defendant on the packaging of the Products and through the marketing campaign, as described above. The Products' packaging and advertising constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

58. All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

59. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the beverages that could provide the benefits promised, i.e. that the Products were "all natural."

60. As a result of Defendant's breach of its contract, Plaintiffs and the Class have been damaged in the amount of the purchase price of any and all of the Products they purchased.

**WHEREFORE**, Plaintiff, on behalf of himself and Class members, prays for relief as follows:

A. For an order that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed Class representative, and that Plaintiff's counsel be appointed as counsel for the Class;

B. For an order requiring Defendant to refund Plaintiff and all Class members for the deceptively advertised beverages;

C. For an order prohibiting Defendant from engaging in the misconduct described herein;

D. For an award of attorneys' fees;

E. For an award of the costs of suit incurred herein, including expert witness fees;

F. For an award of interest, including prejudgment interest, at the legal rate; and

G. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all claims so triable.

Dated: May 23, 2012

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Tina Wolfson
Robert Ahdoot
Bradley King
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel: 310-474-9111
Facsimile: 310-474-8585

Counsel for Plaintiff
Richard W. Trammell