1  TINA WOLFSON, SBN 174806
   twolfson@ahdootwolfson.com
2  ROBERT AHDOOT, SBN 172098
   rahdoot@ahdootwolfson.com
3  AHDOOT & WOLFSON, PC
   10850 Wilshire Boulevard, Suite 370
4  Los Angeles, California 90024
5  Tel: 310-474-9111; Fax: 310-474-8585

6  *Counsel for Plaintiff, Richard W. Trammell*

7  CLEMENT L. GLYNN, SBN 57117
   cglynn@glynnfinley.com
8  JONATHAN A. ELDREDGE, SBN 238559
   jeldredge@glynnfinley.com
9  GLYNN & FINLEY, LLP
   100 Pringle Avenue, Suite 500
10 Walnut Creek, California 94596
11 Tel: 925-210-2801; Fax: 925-945-1975

12
   *Counsel for Defendant, Barbara's Bakery, Inc.*
13

14            **UNITED STATES DISTRICT COURT**

15           **NORTHERN DISTRICT OF CALIFORNIA**

16

17 RICHARD W. TRAMMELL,              Case No. 3:12-cv-02664-CRB

18            Plaintiff,

19       v.                          **SETTLEMENT AGREEMENT**

20 BARBARA'S BAKERY, INC., *et al.*, Honorable Charles R. Breyer, Presiding

21            Defendants.            Complaint Filed: May 23, 2012

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION.........................................................................................1

II.     DEFINITIONS............................................................................................4

III.    CERTIFICATION OF THE SETTLEMENT CLASS……………………………10

IV.     SETTLEMENT CONSIDERATION..............................................................11

V.      NOTICE TO THE CLASS...........................................................................19

VI.     REQUESTS FOR EXCLUSION....................................................................27

VII.    OBJECTIONS TO SETTLEMENT AND APPEARANCE
        AT FAIRNESS HEARING ........................................................................27

VIII.   RELEASE AND WAIVER............................................................................28

IX.     ATTORNEYS' FEES AND EXPENSES AND INDIVIDUAL
        PLAINTIFF AWARDS …………………………………………………..31

X.      PRELIMINARY APPROVAL ORDER, FINAL ORDER, FINAL JUDGMENT AND
        RELATED ORDERS   …………………………………………………..32

XI.     MODIFICATION OR TERMINATION OF THIS AGREEMENT................................34

XII.    GENERAL MATTERS AND RESERVATIONS.........................................................37

1

## <u>TABLE OF EXHIBITS</u>

2

<u>Document</u>                                                                                              <u>Exhibit Number</u>

3

4

Claim Form ............................................................................................................ 1

5

Class Notice .......................................................................................................... 2

6

Final Order ........................................................................................................... 3

7

Final Judgment .................................................................................................... 4

8

Preliminary Approval Order ................................................................................ 5

9

Summary Settlement Notice ................................................................................ 6

10

Settlement Claim Procedures and Claim Calculation Protocol ........................... 7

11

Notice Administrator Declaration ........................................................................ 8

12

Non-GMO Project Standards ……………………………………………….….... 9

13

Stipulated Undertaking Re: Attorneys' Fees and Expenses   …..……………….…………………… 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS HEREBY STIPULATED AND AGREED**, by, between and among Plaintiff Richard Trammell ("Plaintiff") and Defendant Barbara's Bakery, Inc. ("Defendant" or "Barbara's Bakery"), with all terms as defined below, through their duly-authorized counsel, that the above-captioned action, *Trammell v. Barbara's Bakery, Inc.*, No. 3:12-cv-02664 (N.D. Cal.), and the matters raised therein, are settled and judgment shall be entered on the terms and conditions set forth in this Settlement Agreement and the release set forth herein, subject to the approval of the Court.

## I.   INTRODUCTION

A.    Plaintiff's national class action complaint (including subsequent amendments thereto) in the instant case, entitled *Trammell v. Barbara's Bakery, Inc.*, No. 3:12-cv-02664, and initially filed on May 23, 2012, in the United States District Court for the Northern District of California (the "Action"), alleges, *inter alia*, that Barbara's Bakery manufactured, marketed, and sold various food, cereals, and snack products (collectively, the "Eligible Products").  The Action alleges that through a nationwide advertising campaign, Barbara's Bakery sold its products by advertising that they were "All Natural."  Plaintiff challenged these advertisements, asserting, *inter alia*, that Defendant's products are not "All Natural" in that they contain ingredients that are synthetic, and/or artificial, and/or ingredients containing and/or derived from Genetically Modified Organisms ("GMO").  Plaintiff alleged that Barbara's Bakery violated the California Unfair Competition Law, Bus. & Prof. Code §17200, *et seq.* ("UCL"), False Advertising Law, Bus & Prof. Code §17500, *et seq.* ("FAL"), Consumer Legal Remedies Act, Civil Code § 1750, *et seq.* ("CLRA") and constituted a breach of an express warranty.

B.    Plaintiff, as settlement class representative, believes that the claims settled herein have merit.  However, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions. They have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delay inherent in such litigation.  They believe that the settlement set forth in this Agreement confers substantial benefits upon the Class Members.  Based upon their evaluation, they have determined that the settlement set forth in this Agreement is fair, reasonable and adequate and in the best interest of the settlement class.

C.      Defendant has denied and continues to deny all liability with respect to any and all of the claims alleged in the Action or the facts alleged in support thereof and has denied and continues to deny all charges of wrongdoing or liability against it arising out of or relating to any conduct, acts, or omissions alleged in the Action. Defendant's willingness to resolve the Action on the terms and conditions embodied in this Agreement is based on, *inter alia*: (i) the time and expense associated with litigating this Action through trial and any appeals; (ii) the benefits of resolving the Action, including limiting further expense, inconvenience, and distraction, disposing of burdensome litigation, and permitting Defendant to conduct its business unhampered by the distractions of continued litigation; and (iii) the uncertainty and risk inherent in any litigation.

D.      Before entering into this Agreement, Class Counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts and allegations to assess the merits of the claims and potential claims to determine the strength of both defenses and liability sought in the Action.

E.      Class Counsel obtained extensive class discovery, including voluminous documents and electronic information.  Plaintiff, through Class Counsel, thoroughly reviewed the documents obtained, the materials available electronically, and conducted detailed interviews of witnesses.  In particular, Plaintiff obtained discovery, regarding the Eligible Products in the following categories: (i) label design and product formulation; (ii) marketing, advertising, media, and public relations; and (iii) financial information.  In total, Plaintiff obtained over thirty (30) banker's boxes of documents and approximately seventy (70) Gigabytes (GB) of data through discovery.  In addition, Class Counsel conducted interviews of primary Barbara's Bakery's corporate witnesses who have been involved with the Eligible Products to address the following subjects: (i) sales and marketing; (ii) labeling; (iii) finance; (iv) document collection and retention; and (v) Barbara's Bakery's efforts to eliminate GMO ingredients from its products.

F.      This Agreement is the product of extensive, arms-length, and vigorously-contested settlement discussions.  After numerous settlement discussions between counsel, the Parties engaged in two (2) mediation sessions with the Honorable Eugene F. Lynch (Ret.) of JAMS, and continued lengthy and months long negotiations thereafter.  Before and during settlement discussions, the Parties

had an arm's length exchange of sufficient information to permit Plaintiff and Class Counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions.

G.      Based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiff and Class Counsel, on behalf of Plaintiff and the other members of the proposed Class, have agreed to settle the Action pursuant to the provisions of this Agreement, after considering, among other things:  (1) the substantial benefits to the Class Members under the terms of this Agreement; (2) the risks, costs and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Agreement promptly in order to provide effective relief to the Class Members.

H.      Barbara's Bakery has vigorously denied and continues to dispute all of the claims and contentions alleged in the Action.  Barbara's Bakery expressly denies any and all wrongdoing alleged in the pleadings and does not admit or concede any actual or potential fault, wrongdoing, liability, or damage of any kind to Plaintiff and the putative class or in connection with any facts or claims that have been or could have been alleged against it in the Action.  Barbara's Bakery further denies that it acted improperly or wrongfully in any way, and believes that the Action has no merit. Even though Barbara's Bakery expressly denies any wrongdoing, Barbara's Bakery considers it desirable for these cases to be settled and dismissed, because this Settlement will finally put Plaintiff's claims and the underlying matters to rest and will avoid the substantial expense, burden, and uncertainty associated with the continued litigation of these claims.

I.      Barbara's Bakery has agreed to class action treatment of the claims alleged in the Action solely for the purpose of compromising and settling those claims on a class basis as set forth herein;

J.      This Agreement, any negotiations, proceedings, or documents related to the Agreement, its implementation, or its judicial approval (as well as the fact of this Agreement and any acts or documents related to the Agreement or its implementation) cannot be asserted or used by any person to support a contention that class certification is proper or improper or that liability does or does not

exist, or for any other reason, in the above-captioned action or in any other proceedings; provided, however, that Class Members, Class Counsel, Defendant, other related persons, and any person who is a beneficiary or a release set forth herein, may reference and file this Agreement, and any resulting Order or Judgment, with the Court, or any other tribunal or proceeding, in connection with the implementation or enforcement of its terms (including but not limited to the releases granted therein, or any dispute related thereto). Nothing in this Agreement, nor in any court order approving this Agreement, shall be construed as a criticism or an endorsement of the Eligible Products.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and between the Parties, through their respective counsel, that: (a) the Action be fully and finally compromised, settled and released upon final settlement approval by the Court after the hearings as provided for in this Agreement; and (b) upon such approval by the Court, a Final Order and Final Judgment, substantially in the form attached hereto as Exhibits "3" and "4," respectively, be entered dismissing the Action with prejudice upon the following terms and conditions of this Agreement.

## II.  DEFINITIONS

A. As used in this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

1. "Action" means the lawsuit entitled *Trammell v. Barbara's Bakery, Inc.*, No. 3:12-cv-02664 (N.D. Cal.).

2. "Agreement" or "Settlement" means this Settlement Agreement and its exhibits, attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments.

3. "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel from Defendant to compensate Plaintiff's Counsel for their fees and expenses in connection with the Action and the Settlement, as described in Section IX of this Agreement.

4. "Barbara's Bakery" means Defendant, Barbara's Bakery, Inc.

5. "Barbara's Bakery's Counsel" or "Defendant's Counsel" means Glynn & Finley, LLP.

4

6.    "Claim" means the claim of a Class Member or his or her representative submitted on a Claim Form as provided in this Agreement.

7.    "Claimant" means a Class Member who has submitted a Claim.

8.    "Claim Form" means the document, in substantially the same form attached as Exhibit 1 to this Agreement.

9.    "Claim Period" means the time period in which Class Members may submit a Claim Form for review to the Settlement Administrator.  The Claim Period shall run for one hundred eighty (180) calendar days from the date of the first dissemination of the Summary Settlement Notice or Class Notice, whichever is earlier.

10.    "Claim Process" means that process for submitting Claims described in this Agreement.

11.    "Class" means all persons who, during the Class Period, purchased in the United States any of the Eligible Products.  Excluded from the Class are: (a) Barbara's Bakery's board members or executive-level officers, including its attorneys; (b) persons who purchased the Eligible Products primarily for the purpose of resale; (c) retailers or re-sellers of the Eligible Products; (d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided in the Agreement; (f) persons who purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (g) the Court, the Court's immediate family, and Court staff.

12.    "Class Member" means a member of the Class.

13.    "Class Counsel" means:  Robert Ahdoot and Tina Wolfson of Ahdoot & Wolfson, PC.

14.    "Class Notice" means a notice substantially in the form attached as Exhibit 2 to this Agreement.

15.    "Class Period" means the period from May 23, 2008, up to and including the date of the first dissemination of the Summary Settlement Notice or Class Notice, whichever is earlier.

16.    "Court" means the United States District Court for the Northern District of California.

5

17.    "Eligible Products" or "Eligible Product" means any of the following Barbara's Bakery products, of any size, purchased by Class Members during the Class Period:

        a.    **Cereals**:

                i.    BROWN RICE CRISPS (Fruit Juice Sweetened flavor);

                ii.    CORN FLAKES (Fruit Juice Sweetened flavor);

                iii.    HIGH FIBER (Cranberry, Flax & Granola, or Original flavors);

                iv.    HOLE 'N OATS (Fruit Juice Sweetened or Honey Nut flavors);

                v.    HONEST O'S (Honey Nut, Multigrain, or Original flavors);

                vi.    ORGANIC APPLE CINNAMON O'S;

                vii.    ORGANIC BREAKFAST O'S;

                viii.    ORGANIC BROWN RICE;

                ix.    ORGANIC BROWN RICE CRISPS;

                x.    ORGANIC CORN FLAKES;

                xi.    ORGANIC CRISPY WHEATS;

                xii.    ORGANIC HONEY CRUNCH 'N OATS;

                xiii.    ORGANIC HONEY NUT O'S;

                xiv.    ORGANIC SNACKIMALS CEREAL (Cinnamon Crunch or Vanilla Blast flavors);

                xv.    ORGANIC WILD PUFFS (Caramel, Cocoa, Cocoa Grahams, Fruity Punch, Honey Puffs, or Original flavors);

                xvi.    PUFFINS (Cinnamon, Crunchy Cocoa, Fruit Medley, Honey Rice, Multigrain, Peanut Butter, Peanut Butter & Chocolate, or Original flavors);

                xvii.    PUFFIN PUFFS (Crunchy Cocoa or Fruit Medley flavors);

                xviii.    SHREDDED OATS (Cinnamon Crunch, Blueberry Burst, Multigrain, Original, Shredded Wheat, or Vanilla Almond flavors);

                xix.    SHREDDED WHEAT;

                xx.    SHREDDED SPOONFULS (Multigrain or Vanilla Blast flavors);

                xxi.    SHREDDED MINIS (Blueberry Burst flavor);

6

xxii.   TOASTED OATMEAL FLAKES (Original flavor); and

xxiii.   ULTIMA ORGANIC (Blue Corn, Blueberry, Flax & Granola, High Fiber, or Pomegranate flavors).

      b.    **Cereal Bars**:

i.   MULTIGRAIN CEREAL BARS (Apple Cinnamon, Blueberry, Cherry, Original, Raspberry, Strawberry, or Triple Berry flavors);

ii.   FRUIT & YOGURT BARS (Apple Cinnamon, Blueberry Apple, Cherry Apple, Strawberry Apple, or Traditional flavors);

iii.   PUFFINS CEREAL AND MILK BARS (Blueberry Yogurt, French Toast, Peanut Butter Chocolate Chip, or Strawberry Yogurt flavors).

      c.    **Cheese Puffs**:

i.   BAKED CHEESE PUFFS (Original or White Cheddar flavors); and

ii.   CHEESE PUFFS (Jalapeno or Original flavors).

      d.    **Fig Bars:**

i.   FIG BARS (Apple Cinnamon, Blueberry, Multigrain, Raspberry, Traditional, Wheat Free or Whole Wheat flavors).

      e.    **Granola Bars:**

i.   CRUNCHY ORGANIC GRANOLA BARS (Cinnamon Crisp, Oat & Honey, Peanut Butter, or Toasted Almond flavors).

      f.    **Snackimals Animal Cookies**:

i.   SNACKIMALS ANIMAL COOKIES (Chocolate Chip, Double Chocolate, Peanut Butter, Oatmeal, Vanilla, or Snickerdoodle flavors).

      g.    **Organic Mini-Cookies**:

i.   ORGANIC MINI COOKIES (Chocolate, Ginger, or Oatmeal flavors).

      h.    **Snack Mixes**:

i.   BRUSCHETTA SNACK MIX;

ii.   HONEY CINNAMON SNACK MIX;

7

iii.      HONEY MUSTARD SNACK MIX; and

iv.      SALSA SNACK MIX.

i.      **Crackers**:

i.      CRISP COOKIES (Chocolate Chip, Double Dutch Chocolate Chip, Old Fashioned Oatmeal, or Traditional Short Bread flavors);

ii.      GO GO GRAHAMS (Chocolate, Cinnamon, Honey, or Lemon Ginger flavors);

iii.      PIZZA AND CHEESE BITES;

iv.      RITE LITE ROUNDS (Original, Poppy Seed, or Tamari Sesame flavors); and

v.      WHEATINES (Cracked Pepper, Original or Sesame flavors).

18.    "Fairness Hearing" means the hearing at or after which the Court shall make a final decision whether to approve this Agreement as fair, reasonable, and adequate. The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. §1715(d), but no later than one hundred eighty-five (185) calendar days, after entry of Preliminary Approval Order.

19.    "Final Order and Final Judgment" means the Court's order approving the Settlement and this Agreement, as described in Section X of this Agreement, which is to be substantially in the forms attached as Exhibits 3 and 4, respectively, to this Agreement.

20.    "Final Settlement Date" means the date on which the Final Order and Final Judgment approving this Agreement becomes final.  For purposes of this Agreement:

a.    if no appeal has been taken from the Final Order and Judgment, "Final Settlement Date" means the date on which the time to appeal therefrom has expired; or

b.    if any appeal has been taken from the Final Order and Final Judgment, "Final Settlement Date" means the date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Order and Judgment; or

c.    if the Class Counsel and Defendant agree in writing, "Final Settlement

8

Date" can occur on any other agreed date.

21.    "Notice Administrator" means the Court-appointed third-party agent or administrator agreed to by the Parties and appointed by the Court. The Parties agree that Kinsella Media, LLC shall be retained to design, consult on, and implement the notice and related requirements of this Agreement.

22.    "Parties" means Plaintiff and Barbara's Bakery, collectively, as each of those terms is defined in this Agreement.

23.    "Plaintiff" means Richard W. Trammell.

24.    "Plaintiff's Counsel" means counsel for the Plaintiff in the Action, who are: Ahdoot & Wolfson, PC.

25.    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement as outlined in Section X of this Agreement and should be substantially in the form attached as Exhibit 5 to this Agreement.

26.    "Release" means the release and waiver set forth in Section VIII of this Agreement and in the Final Order and Final Judgment.

27.    "Released Parties" means Barbara's Bakery, its past and present officers, directors, employees, stockholders, agents, attorneys, administrators, parent (The Weetabix Company, Inc. and Weetabix Limited), successors, subsidiaries, suppliers, distributors, assigns, affiliates, joint-ventures, partners, members, divisions, predecessors, authorized retailers, resellers, and wholesalers of Eligible Products for resale.

28.    "Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court. The Parties agree that Rust Consulting, Inc. shall be retained to implement the mailed notice, the website, claim review and related requirements of this Agreement, subject to the Court's approval.

29.    "Settlement Claim Procedures and Claim Calculation Protocol" means the protocol attached hereto as Exhibit 7.

30.    "Settlement Fund" means the Four Million Dollars ($4,000,000.00) that Barbara's Bakery will pay or cause to be paid, pursuant to the terms of Section IV.A of this

Agreement.

31.    "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (i) all costs of notice and administration (including the Initial Deposit and Period Payments as defined in Section IV.A.1 herein), (ii) the Incentive Award (as defined in Section IX.F herein) to the representative Plaintiff, and (iii) the Attorneys' Fees and Expenses.

32.    "Summary Settlement Notice" means the Summary Class Notice to be disseminated by publication substantially in the form of Exhibit 6 attached to this Agreement.

33.    "Synthetic Ingredients" means an ingredient that is formulated or manufactured by a chemical (or biochemical) process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, including but not limited to the following: allegedly synthetic ingredients identified in Plaintiff's Second Amended Complaint, Annatto, Ascorbic Acid, Calcium Carbonate, Ferric Orthophosphate, Fructooligosaccarides, Nutra Flora, Retinyl Palmitate, Tocopherols, Vitamin D3 and "Dehydrated Cane Juice."

B.    Other capitalized terms used in this Agreement but not defined in this Section II shall have the meanings ascribed to them elsewhere in this Agreement.

C.    The terms "he or she" and "his or her" include "it" or "its" where applicable.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

Barbara's Bakery, while continuing to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement, consents, solely for purposes and in consideration of the Settlement, to the certification of the settlement Class, to the appointment of Class Counsel, and to the conditional approval of Plaintiff as a suitable representative of the Class.  The certification of the settlement Class, the appointment of Plaintiff as the class representative, and the appointment of Plaintiff's Counsel to act as Class Counsel, shall be binding only with respect to this Settlement and this Agreement.  If the Court fails to approve this Agreement and the Settlement proposed herein for any reason, or if this Agreement and the Settlement proposed herein is terminated, cancelled, or fails to become effective for any reason whatsoever, this class certification, to which the Parties have stipulated solely for the purposes and in consideration of the Settlement of this Action, this Agreement, and all the provisions of the Preliminary Approval Order,

shall be vacated by their own terms, and the litigation of the Action shall revert to its status with respect to class certification as it existed prior to the date of this Agreement.  In that event, Barbara's Bakery shall retain all rights it had immediately preceding the execution of this Agreement to object to the maintenance of the Action as a class action, and in that event, nothing in this Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any party concerning whether the Action may properly be maintained as a class action under applicable law.

## IV.  **SETTLEMENT CONSIDERATION**

Settlement relief shall consist of three components:  (1) refunds to Class Members who submit valid Claims; (2) Defendant's agreement to change its labeling and advertising to omit the terms "all natural," "no artificial additives," "no artificial preservatives," and "no artificial flavors;" and (3) certain conduct changes implemented by Barbara's Bakery relating to the use of ingredients that contain GMO in certain Barbara's Bakery's products.

A.   Settlement Fund:

1.   Barbara's Bakery agrees to pay or cause to be paid the sum of Four Million Dollars and No Cents ($4,000,000.00) as follows:

a.   Initial Deposit: Within five (5) calendar days after the entry of the Preliminary Approval Order, the sum of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00) ("Initial Deposit") to the Settlement Administrator, for the initial notice and administration expenses that are likely to be incurred. This deadline may be extended by mutual consent of the Parties.

b.   Periodic Payment(s):  Within ten (10) calendar days after the submission of any reasonable invoice submitted by the Settlement Administrator and / or Notice Administrator, and approved by Class Counsel and Defense Counsel, the sum of said approved invoice to the Settlement Administrator or Notice Administrator, as applicable. ("Periodic Payment(s)").

c.   First Fee Payment: Funding for the payment of the First Fee Payment (as this term is defined in Section IX.C) shall be made in accordance with Section IX of this Agreement. The deadline may be extended by mutual consent of the Parties.

d.    Settlement Fund Balance Payment:  Within ten (10) calendar days after the Final Settlement Date, Defendant shall pay or cause to be paid to the Class Action Class Administrator an amount equal to the Settlement Fund Balance to be used for the payment of Class Member Claims.

e.    Final Fee Payment: Funding for the payment of the Final Fee Payment (as this term is defined in Section IX.E) shall be made in accordance with Section IX of this Agreement. The deadline may be extended by mutual consent of the Parties.

f.    Incentive Award Payment: Funding for the payment of the Incentive Award (as this term is defined in Section IX.F) shall be made in accordance with Section IX of this Agreement.  The deadline may be extended by mutual consent of the Parties.

2.    Settlement Fund proceeds shall be used for the payment of: (a) the costs and expenses that are associated with disseminating the notice to the Class, including, but not limited to, the Class Notice and the Summary Settlement Notice; (b) the costs and expenses associated with the administration of the Settlement; (c) timely, valid, and approved Claims submitted by Class Members pursuant to the Claim Process; (d) the Residual Funds, if any, pursuant to Section IV.D.3 of this Agreement; (e) payment of the Attorneys Fees and Expenses; and (f) payment of the Incentive Award to the Plaintiff.  Class Counsel must approve any payment of costs or expenses under subsections (a) and (b) of this paragraph.  Approval and payment of Claims under subsection (c) of this paragraph shall be in accordance with the terms and conditions of this Agreement and the Settlement Claim Procedures and Claim Calculation Protocol.  Payment of Attorneys Fees and Expenses under subsection (e) of this paragraph and the Incentive Award under subsection (f) of this paragraph shall be in accordance with Section IX of this Agreement and subject to Court approval.

3.    Barbara's Bakery shall not be liable for payment of any costs, expenses, or Claims authorized under this paragraph beyond its deposit or payment of the full amount of the Settlement Fund as provided in this Agreement. The Parties agree that the Settlement Fund and Barbara's Bakery payment of Four Million Dollars and No Cents ($4,000,000.00) is the full extent of Barbara's Bakery cash payment obligation under this Agreement.  This payment, pursuant to the terms and conditions of this Agreement, and any other non-monetary obligations of and considerations due

12

from Barbara's Bakery set forth in this Agreement, will be in full satisfaction of all individual and class claims asserted in the Action.

        B.      <u>Claim Form Submission, Review, and Administration of the Settlement:</u>

        1.      Class Members may submit a Claim through the Claim Process during the Claim Period and the Settlement Administrator shall review and process the Claim pursuant to this Agreement and the Settlement Claim Procedures and Claim Calculation Protocol, which is attached as Exhibit 7 to this agreement.  As part of the Claim Process, Class Members shall be eligible for the relief provided in this Agreement, provided Class Members complete and timely submit the Claim Form, which shall be included with the Class Notice, to the Settlement Administrator within the Claim Period, except as otherwise provided in this Agreement and the Settlement Claim Procedures and Claim Calculation Protocol.

        2.      As further specified in the Settlement Claim Procedures and Claim Calculation Protocol, the Claim Form shall advise Class Members that the Settlement Administrator has the right to request verification of the purchase of Eligible Products, including, but not limited to, documentation demonstrating purchase of any and all of the Eligible Products during the Class Period. If the Class Member does not timely comply and/or is unable to produce documents to substantiate and/or verify the information on the Claim Form and the Claim is otherwise not approved, the Claim shall be disqualified.

        3.      Each Class Member shall submit a Claim Form stating to the best of their knowledge the total amount of their purchases of the Eligible Products.  The Claim Form shall be signed under an affirmation, substantially in the following language: "I declare or affirm, under penalty of perjury, that the information in this claim form is true and correct to the best of my knowledge and that I purchased the amount of the Eligible Product(s) claimed above during the Claim Period. I understand that my claim form may be subject to audit, verification and Court review." Claim Forms will be:  (a) included on the Settlement website to be designed and administered by the Settlement Administrator; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order. In the event a Class Member submits an otherwise valid Claim Form, but fails to indicate the amount of his/her purchases of the Eligible Products during the

13

Class Period, as requested by the Claim Form, that Class Member will be entitled to the minimum payment amount available to eligible Class Member pursuant to Section IV.C.1.

4. The Settlement Administrator shall provide periodic updates to Class Counsel and to Barbara's Bakery regarding Claim Form submissions beginning within seven (7) business days after the commencement of the dissemination of the Class Notice or the Summary Settlement Notice and continuing on a monthly basis thereafter.

5. The Settlement Administrator shall begin to pay timely, valid, and approved Claims commencing no later than one hundred and twenty (120) calendar days after the close of the Claim Period so long as this period is after the Final Settlement Date, or sooner upon Barbara's Bakery and Plaintiff's Counsel's joint direction, but not before the issuance of the Court's Final Order and Final Judgment approving the Settlement. In the event the Final Settlement Date falls after the close of the Claim Period, then the Settlement Administrator shall begin to pay timely, valid, and approved Claims commencing no later than one hundred and twenty (120) calendar days after the Final Settlement Date. The Settlement Administrator shall have completed the payment to Class Members who have submitted timely, valid and approved Claims pursuant to the Claim Process no later than one hundred sixty (160) calendar days after either the Final Settlement Date or the close of the Claim Period, whichever is later.

C. Relief Available to Class Members

1. The relief to be provided to each eligible Class Member, who submits a Claim Form pursuant to the terms and conditions of this Agreement, shall be determined as follows:

a. Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than One Hundred Dollars ($100), are entitled to a payment of One Hundred Dollars ($100) subject to the adjustments set forth in Section IV.D.

b. Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Seventy-Five Dollars ($75), up to and including One Hundred Dollars ($100), are entitled to a payment of Seventy-Five Dollars ($75) subject to the adjustments set forth in Section IV.D.

c. Class Members whose total purchases of any of the Eligible Products

14

during the Class Period amount to more than Fifty Dollars ($50), up to and including Seventy-Five Dollars ($75), are entitled to a payment of Fifty Dollars ($50) subject to the adjustments set forth in Section IV.D.

           d.      Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Twenty-Five Dollars ($25), up to and including Fifty Dollars ($50), are entitled to a payment of Twenty-Five Dollars ($25) subject to the adjustments set forth in Section IV.D.

           e.      Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Ten Dollars ($10), up to and including Twenty-Five Dollars ($25), are entitled to a payment of Ten Dollars ($10) subject to the adjustments set forth in Section IV.D.

           f.      Class Members whose total purchases of any of the Eligible Products during the Class Period amount to Ten Dollars ($10) or less (but more than zero ($0)), are entitled to a payment of Five Dollars ($5) subject to the adjustments set forth in Section IV.D.

      D.    <u>Adjustments and Remaining Funds</u>

        1.      If the total of the timely, valid and approved Claims submitted by Class Members exceeds the available relief, minus any fees, payments, and costs set forth in this Agreement, each eligible Class Member's Initial Claim Amount shall be reduced on a *pro rata* basis, such that the aggregate value of the cash payments does not exceed the Settlement Fund Balance.  The Settlement Administrator shall determine each authorized Class Member's *pro rata* share based upon each Class Member's Claim Form and the total number of valid Claims.  Accordingly, the actual amount recovered by each Class Member will not be determined until after the Claim Period has ended and all Claims Forms have been received, and may not be determined until after the Final Settlement Date.

        2.      In no event shall an individual Class Member's recovery amount exceed the individual recovery amounts specified in Section IV.C.

        3.      If there are any funds remaining in the Settlement Fund Balance from the claim program, including, but not limited to, any funds remaining in the Settlement Fund Balance after all Claims have been paid or un-cashed distributions made payable to eligible Class Members ("Residual

15

Funds"), the Settlement Administrator shall equally distribute the Residual Funds to the following non-profit organizations: Consumers Union (www.consumersunion.org) and Action for Healthy Kids (www.actionforhealthykids.org).  The Residual Funds will not be returned to Defendant.    Defendant represents and warrants that any payment of Residual Funds to any charities, non-profit organizations, or government entit(ies) shall not reduce any of its donations or contributions to any entity, charity, charitable foundation or trust, and / or non-profit organization.  To be eligible to receive funds from the Residual Funds, each of the foregoing non-profit organizations must declare that they will not use the Residual Funds they receive (if any) for litigation or lobbying purposes.

E.   Agreement to Change Product Labeling

1.   In addition to the relief discussed above, as part of this Agreement and as a result of the Action and the efforts of Plaintiff and Plaintiff's Counsel, within three (3) months after the Final Settlement Date or by March 1, 2014, whichever is later, Barbara's Bakery shall (i) modify the labeling of the Eligible Products so that they no longer contain "all natural," "no artificial additives," "no artificial preservatives" or "no artificial flavors" statements on the product labeling; (ii) not refer to or represent any of its products that contain GMO, Synthetic Ingredients, artificial ingredients, or artificial flavors, including all of the Eligible Products, as "all natural," "no artificial additives," "no artificial preservatives" or "no artificial flavors" either on the given product's label or any media or advertising, including Barbara's Bakery's website; and (iii) Barbara's Bakery shall effect the relabeling of all Barbara's Bakery's products that contain GMO, Synthetic Ingredients, artificial ingredients, or artificial flavors, including all of the Eligible Products, to eliminate any "all natural," "no artificial additives," "no artificial preservatives" or "no artificial flavors" references and redesign the label to eliminate the use of the "All Natural" language on any Barbara's Bakery's product, including any of the Eligible Products.  For the purposes of this Agreement, sales of Eligible Products already in inventory prior to the Final Settlement Date or March 1, 2014, whichever is later, shall not constitute a violation of this Agreement.  Nothing in this provision shall be construed as preventing Barbara's Bakery from advertising and/or labeling its products that do not contain GMO, Synthetic Ingredients, artificial ingredients, and artificial flavors as "all natural," "no artificial additives," "no artificial preservatives" or "no artificial flavors," respectively.  In addition, Barbara's Bakery shall

16

make no claims (on a product label or otherwise) to the effect that any Barbara's Bakery product does not contain GMO, except as allowed by the Non-GMO Project or substantially similar and independent non-GMO certifying organization, and only for any given product that has been approved and / or verified by the Non-GMO Project's verification program or substantially similar and independent certifying organization's Non-GMO verification program.  Nothing contained herein shall prohibit Defendant from disclosing that any given product contains GMO ingredients either on a product label or otherwise, or require Defendant to disclose that a product contains GMO on product labels or advertisements.

   2. Nothing in this Agreement shall prevent Defendant from implementing the changes referenced in this paragraph prior to the Final Settlement Date or prior to March 1, 2014.

   3. Nothing in this Agreement shall prevent Defendant from making "natural flavor" claims in accordance with applicable U.S. Food and Drug Administration ("FDA") regulations.

   4. The terms and requirements of the relief described in Section IV.E.1 shall expire on the earliest of the following dates: (i) three (3) years after the Final Settlement Date; or (ii) the date upon which there are changes to any applicable statute, regulation, or other law that Defendant reasonably believes would require a modification to any of the product labeling in order to comply with the applicable statute, regulation, or law; or (iii) the date upon which there are any changes to any applicable federal or state statutes or regulations that would allow Defendant to label products that contain GMO, Synthetic Ingredients, and /or artificial flavor and ingredients to be labeled "all natural," "no artificial additives," "no artificial preservatives" or "no artificial flavors," including, but not limited to, changes in FDA, Federal Trade Commission, U.S. Department of Agriculture and other applicable government agencies' regulations, guidances or pronouncements. Plaintiff and his counsel agree that this Agreement does not preclude Defendant from making further disclosures or any labeling changes that (i) Defendant reasonably believes is necessary to comply with any statute, regulation, or other law of any kind (including but not limited to the Federal Food, Drug, and Cosmetic Act, FDA regulations, and/or the California Sherman Food, Drug, and Cosmetic Law); or (ii) are necessitated by product changes and/or reformulations to ensure that Defendant provides accurate product descriptions.

F.      Elimination of GMO Ingredients From Certain Eligible Products

1.      In addition to the relief discussed above, Barbara's Bakery represents and warrants that it has eliminated the use of GMO ingredients, in accordance with the Non-GMO Project Standard (a copy of which is attached hereto as Exhibit 9 and available at http://www.nongmoproject.org/product-verification/non-gmo-project-standard/ (last visited April 15, 2013) (the "Non-GMO Project Standard"), in the following Eligible Products: BROWN RICE CRISPS Cereal (Fruit Juice Sweetened flavor), CORN FLAKES Cereal (Fruit Juice Sweetened), HONEST O'S Cereal (Honey Nut, Multigrain and Original flavors), PUFFINS Cereal (Multigrain), ORGANIC SNACKIMALS CEREAL (Cinnamon Crunch and Vanilla Blast flavors, SHREDDED OATS Cereal (Blueberry Burst, Cinnamon Crunch, Shredded Wheat, and Vanilla Almond flavors), and SNACKIMALS ANIMAL COOKIES (Chocolate Chip, Oatmeal, Peanut Butter, Snickerdoodle and Vanilla flavors) (collectively the "First Group of Non-GMO Products").  Barbara's Bakery represents and warrants that the First Group of Non-GMO Products were approved by the Non-GMO Project's (www.nongmoproject.com) Verification Program.

2.      In addition to the relief discussed above, Barbara's Bakery represents and warrants that it has and will make continuing reasonable efforts to eliminate the use of GMO ingredients, in accordance with the Non-GMO Project Standard, in the following Eligible Products: PUFFINS (Honey Rice flavor), TOASTED OATMEAL FLAKES (Original flavor), SNACKIMALS ANIMAL COOKIES (Double Chocolate flavor) (collectively, the "Second Group of Non-GMO Products"). Barbara's Bakery represents and warrants that it has submitted the Second Group of Non-GMO Products for approval to the Non-GMO Project's Product Verification Program.  Barbara's Bakery anticipates that the Second Group of Non-GMO Products will be approved by the Non-GMO Project by August 2013.

3.      In addition to the relief discussed above, Barbara's Bakery represents and warrants that as of the date of this Agreement, Barbara's Bakery is in the process of eliminating GMO ingredients, in accordance with the Non-GMO Project Standard, from the following Eligible Products: HIGH FIBER Cereal (Cranberry, Flax & Granola, and Original flavors), PUFFINS Cereal (Cinnamon, Original, Peanut Butter, and Peanut Butter & Chocolate flavors), PUFFINS PUFFS Cereal (Cocoa

18

Crunch and Fruit Medley flavors), and Fig Bars (Multigrain, Raspberry and Whole Wheat flavors) (collectively, the "Third Group of Non-GMO Products"). Barbara's Bakery represents and warrants that it intends to submit the Third Group of Non-GMO Products for approval to the Non-GMO Project's Product Verification Program. Barbara's Bakery agrees to employ reasonable efforts to obtain the Non-GMO Project's approval for the Third Group Non-GMO Products by the Final Settlement Date or by March 1, 2014, whichever is later.

**V.      NOTICE TO THE CLASS**

> A.      Duties of the Settlement Administrator and the Notice Administrator

>> 1.      The Parties shall jointly recommend and retain Rust Consulting, Inc. to be the Settlement Administrator and Kinsella Media, LLC to be the Notice Administrator to help implement the terms of this Agreement. Following the Court's preliminary approval of this Agreement and the Court's appointment of the proposed Settlement Administrator and the proposed Notice Administrator, the Notice Administrator shall disseminate notice to the Class as provided for in the Declaration of the Notice Administrator, substantially in the form attached as Exhibit 8 to this Agreement, as specified in the Preliminary Approval Order and in this Agreement, and in order to comply with all applicable laws, including, but not limited to, the Due Process Clause of the Constitution. The Settlement Administrator and Notice Administrator shall abide by the terms, conditions, and obligations of the Agreement, the Settlement Claim Procedures and Claim Calculation Protocol, and the Orders issued by the Court in this Action.

>> 2.      The Notice Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Class via various forms of media, including implementing the media purchases. In particular, the Notice Administrator shall be responsible for: (a) arranging for the publication of the Summary Settlement Notice; (b) designing and implementing notice to the Class by various electronic media, including social media and electronic publications; (c) press releases, as discussed in the Declaration of the Notice Administrator attached as Exhibit 8 to this Agreement; (d) responding to requests from Class Counsel and/or Barbara's Bakery's Counsel; and (e) otherwise implementing and/or assisting with the dissemination of the notice of the Settlement.

3.      The Settlement Administrator shall be responsible for, without limitation, dissemination of Class Notice by E-mail and mail, as provided in this Agreement, and implementing the terms of the Claim Process and related administrative activities that include communications with Class Members concerning the Settlement, Claim Process, and their options thereunder.  In particular, the Settlement Administrator shall be responsible for: (a) printing, mailing, or arranging for the mailing of the Class Notice; (b) handling returned mail not delivered to Class Members; (c) attempting to obtain updated address information for any Class Notice returned without a forwarding address; (d) making any additional mailings required under the terms of this Agreement; (e) establishing a website that contains the Claim Form that can be completed and submitted on-line; (f) establishing a toll-free voice response unit to which Class Members may refer for information about the Action and the Settlement; (g) receiving and maintaining on behalf of the Court any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (h) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (i) establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence; (j) reviewing Claim Forms according to the review protocols set forth in this Agreement and in the Settlement Claim Procedures and Claim Calculation Protocol, attached hereto as Exhibit 7; and (k) otherwise implementing and/or assisting with the claim review process and payment of the claims, pursuant to the terms and conditions of this Agreement.

4.      The Notice Administrator and the Settlement Administrator shall coordinate their activities to minimize costs in effectuating the terms of this Agreement.

5.      Because the names of Class Members and other personal information about them will be provided to the Settlement Administrator and the Notice Administrator for purposes of providing cash benefits and processing opt out requests, the Settlement Administrator and the Notice Administrator will execute a confidentiality and non-disclosure agreement with Barbara's Bakery, Defense Counsel, and Class Counsel and will take all reasonable steps to ensure that any information provided to it by Class Members and/or the Parties will be used solely for the purpose of effecting this Settlement.

6.      The Settlement Administrator and Notice Administrator shall administer the Settlement in accordance with the terms of this Agreement (including but not limited to the Settlement Claim Procedures and Claim Calculation Protocol, attached hereto as Exhibit 7) and, without limiting the foregoing, shall:

a.      Treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Agreement or by court order;

b.      Receive opt out and other requests from members of the Class to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within seven (7) days of receipt.  If the Settlement Administrator and/or Notice Administrator receive any exclusion forms or other requests from Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator and/or Notice Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

c.      Receive and maintain on behalf of the Court all correspondence from any Class Member regarding the Settlement.

7.      If the Settlement Administrator and/or the Notice Administrator make a material or fraudulent misrepresentation to, or conceal requested material information from, Class Counsel, Barbara's Bakery, or Barbara's Bakery's Counsel, then the Party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator and/or the Notice Administrator, as applicable, immediately be replaced.  If the Settlement Administrator and/or the Notice Administrator fail to perform adequately on behalf of the Parties, the Parties may agree to remove the Settlement Administrator and/or the Notice Administrator. Neither Party shall unreasonably withhold consent to remove the Settlement Administrator and/or the Notice Administrator.  The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator and/or the Notice Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

8.      The Settlement Administrator shall begin accepting Claim Forms as they are submitted by Class Members for processing.

9.      Not later than ten (10) calendar days before the date of the Fairness Hearing, the Settlement Administrator and Notice Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, methods and results of the notice program.

10.     The Settlement Administrator shall promptly provide copies of any requests for exclusion, objections, and/or related correspondence to Class Counsel and Barbara's Bakery's Counsel.

11.     No later than ten (10) calendar days after this Agreement is filed with the Court, Barbara's Bakery shall mail or cause the items specified in 28 U.S.C. §1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. §1715(a).

12.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and in accordance with the Claim Procedure and Claim Calculation Protocol, attached hereto as Exhibit 7.

13.     Any Class Member who, in accordance with the terms and conditions of this Agreement, neither seeks exclusion from the Class nor files a Claim Form, will not be entitled to receive any cash pursuant to this Stipulation of Settlement, but will be bound together with all Class Members by all of the terms of this Agreement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning the matters subject to the Release.

14.     Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Class Member's Claim Form for, among other reasons, the following:

a.      The Class Member failed to provide adequate support of their claim pursuant to a request of the Settlement Administrator;

b.      The Class Member purchased products that are not covered by the terms

22

of this Stipulation of Settlement;

        c.      Failure to fully complete and/or sign the Claim Form;

        d.      Illegible Claim Form;

        e.      More than one Claim Form is submitted by persons who reside in the same household;

        f.      The Claim Form is fraudulent;

        g.      The Claim Form is duplicative of another Claim Form;

        h.      The person submitting the Claim Form is not a Class Member;

        i.      The person submitting the Claim Form is requesting that funds be paid to a person or entity that is not the Class Member for whom the Claim Form is submitted;

        j.      Failure to submit a Claim Form by the end of the Claim Period; and/or

        k.      The Claim Form otherwise does not meet the requirements of this Agreement.

        15.      The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Agreement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with the terms and conditions of this Agreement the extent, if any, to which each claim shall be allowed.  The Settlement Administrator shall have the authority to determine whether a claim by any Class Member is complete and timely.  The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all funds provided to Class Members.

        16.      Any Class Member who fails to submit a Claim Form by the end of the Claim Period shall be forever barred from receiving any benefit pursuant to this Agreement, but shall in all other respects be bound by all of the terms of this Agreement, the terms of the Final Order and Judgment to be entered in the Action, and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning any of the matters subject to the Release.  The Claim Form will be deemed to have been submitted when the attestation form are posted, if received with a postmark or equivalent mark by a courier company

indicated on the envelope or mailer with the instructions set out in the Claim Form.  In all other cases, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

17.     Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

18.     All notification duties imposed by 28 U.S.C. §1715, including the corresponding expenses, shall be separate and in addition to any other obligation imposed herein.

19.     Barbara's Bakery and the Released Parties are not obligated to (and will not be obligated to) compute, estimate, or pay any taxes on behalf of Plaintiff (or his counsel), any Class Member, Plaintiff's Counsel, the Notice Administrator and/or the Settlement Administrator.

B.     Class Notice:

1.     Dissemination of the Mailed Class Notice

a.     No later than five (5) calendar days after entry of the Preliminary Approval Order, Barbara's Bakery shall provide the Notice Administrator with the name, mailing address, and e-mail address of each reasonably identifiable Class Member that it possesses.

b.     Beginning not later than ten (10) calendar days after entry of the Preliminary Approval Order and to be substantially completed not later than twenty-five (25) calendar days after entry of the Preliminary Approval Order, and subject to the requirements of the Preliminary Approval Order and the Settlement Agreement, the Notice Administrator shall send the Class Notice by Electronic Mail ("E-Mail") to: (i) each reasonably identifiable Class Member's last known E-Mail address; and (ii) each appropriate State and Federal official, as specified in 28 U.S.C. §1715, and shall otherwise comply with Fed. R. Civ. P. 23 and any other applicable statute, law, or rule, including but not limited to, the Due Process Clause of the United States Constitution.

c.     No later than forty-five (45) calendar days after entry of the Preliminary Approval Order, the Notice Administrator shall send the Summary Settlement Notice by First Class U.S. Mail, proper postage prepaid, to each Class Member whose E-mail address returned a message as undeliverable, subject to the existence of such information as provided by Barbara's Bakery pursuant

24

to Section V.B.1.a of this Agreement.

          d.      The Notice Administrator shall: (i) re-mail any Summary Settlement Notices returned by the United States Postal Service with a forwarding address that are received by the Notice Administrator; and (ii) by itself or using one or more address research firms, as soon as practicable following receipt of any returned Summary Settlement Notices that do not include a forwarding address, research any such returned mail for better addresses and promptly mail copies of the Summary Settlement Notice to the better addresses so found.

          e.      Barbara's Bakery's Counsel shall provide to the Notice Administrator, within ten (10) business days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has litigation against Barbara's Bakery that involves the Eligible Products.  The Notice Administrator shall mail copies of the Class Notice to all such legal counsel.  Barbara's Bakery will promptly direct the Notice Administrator to serve the Class Notice on counsel for any Class Members who subsequently initiate litigation, arbitration, or other proceedings against Barbara's Bakery relating to claims alleging events occurring during the Class Period, the Eligible Products, and/or otherwise involving the Release.

          2.      <u>Contents of the Class Notice</u>:  The Claim Form and the Class Notice shall be in a form substantially similar to the document attached to this Agreement as Exhibits 1 and 2, respectively, and shall advise Class Members of the following:

          a.      <u>General Terms</u>:  The Class Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the identity of Class Members, how the proposed Settlement would provide relief to the Class and Class Members, what claims are released under the proposed Settlement and other relevant terms and conditions.

          b.      <u>Opt-Out Rights</u>:  The Class Notice shall inform Class Members that they have the right to opt out of the Settlement.  The Class Notice shall provide the deadlines and procedures for exercising this right.

          c.      <u>Objection to Settlement</u>:  The Class Notice shall inform Class Members of their right to object to the proposed Settlement and appear at the Fairness Hearing.  The Class

Notice shall provide the deadlines and procedures for exercising these rights.

        d.   <u>Fees and Expenses</u>:  The Class Notice shall inform Class Members about the amounts being sought by Plaintiff's Counsel as Attorneys' Fees and Expenses and the individual awards to Plaintiff, and that such amounts will be paid out of the Settlement Fund.

        e.   <u>Consumer Information</u>:  The Class Notice shall inform the Class Members that any information they provide may be submitted to a federal or state agency in the administration of this relief.

        f.   <u>Claim Form</u>:  The Class Notice shall include the Claim Form, which shall inform the Class Member that he or she must fully complete and timely return the Claim Form within the Claim Period to be eligible to obtain relief pursuant to this Agreement.

    C.   <u>The Summary Settlement Notice</u>:  The Notice Administrator shall have the publication of the Summary Settlement Notice substantially completed no later than ninety (90) calendar days after entry of the Preliminary Approval Order as described in the Declaration of the Notice Administrator, attached as Exhibit 8, and in such additional newspapers, magazines, and/or other media outlets as shall be agreed upon by the Parties.  The form of Summary Settlement Notice agreed upon by the Parties is in the form substantially similar to the one attached to the Agreement as Exhibit 6.

    D.   <u>Internet Web site</u>:  Prior to the dissemination of the Class Notice pursuant to Section V.B.1 to Section V.C, the Notice Administrator shall establish an Internet website, www.BarbarasBakerySettlement.com, that will inform Class Members of the terms of this Agreement, their rights, dates and deadlines and related information.  The web site shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court. Banner ads on the Internet shall direct Class Members to the website.

    E.   <u>Toll-Free Telephone Number</u>:  Prior to the dissemination of the Class Notice pursuant to Section V.B.1 to Section V.C, the Notice Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members.

## VI.   REQUESTS FOR EXCLUSION

A.     Members of the Class may elect to opt out of the Class or the Settlement, relinquishing their rights to benefits hereunder.  Members of the Class who opt out of the Settlement will not release their claims pursuant to this Agreement.  Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. Mail a personally signed letter including their name and address, and providing a clear statement communicating that they elect to be excluded from the Class. Any request for exclusion or opt out must be postmarked on or before the  opt out deadline date specified in the Preliminary Approval Order.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Barbara's Bakery's Counsel.  The Settlement Administrator shall file a list reflecting all requests for exclusion with the Court no later than ten (10) calendar days before the Fairness Hearing.

B.     Any potential Class Member who does not file a timely written request for exclusion as provided in the preceding Section VI.A shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release, in the Action, even if he or she has litigation pending or subsequently initiates litigation against Barbara's Bakery relating to the claims and transactions released in the Action.

## VII.   OBJECTIONS TO SETTLEMENT AND APPEARANCE AT FAIRNESS HEARING

A.     Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses, or the individual awards to Plaintiff, must deliver to the Class Counsel identified in the Class Notice and to Barbara's Bakery's Counsel, and file with the Court (through the Court's Management / Electronic Case Files ("CM/ECF") or through any other method in which the Court will accept filings), no later than the objection deadline date specified in the Preliminary Approval Order, or as the Court otherwise may direct, a written statement of the objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention, any evidence or other

27

information the Class Member wishes to introduce in support of the objections, and a statement of whether the Class Member intends to appear and argue at the Fairness Hearing.  Class Members may do so either on their own or through an attorney retained at their own expense. The Parties shall request that the Court allow any interested party to file a reply to any objection, as described in this Section VII.A, no later than seven (7) calendar days before the Fairness Hearing.

B.       Any Class Member, including one who files and serves a written objection, as described in the preceding Section VII.A, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or any award to the individual Plaintiff.  Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to one of the Class Counsel identified in the Class Notice and to Barbara's Bakery's Counsel, and file said notice with the Court (through CM/ECF or through any other method in which the Court will accept filings), no later than the date specified in the Preliminary Approval Order, or as the Court may otherwise direct.

C.       Any Class Member who fails to comply with the provisions of Section VII.A above shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

D.       Any Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement if this Agreement and the terms contained therein are approved, as long as the objecting Class Member complies with all requirements of this Agreement applicable to Class Members, including the timely submission of Claim Forms and other requirements contained in this Agreement.

## VIII.   RELEASE AND WAIVER

A.       The Parties agree to the following release and waiver, which shall take effect upon entry of the Final Order and Final Judgment.

B.       In consideration for the Settlement benefits described in this Agreement, Plaintiff and

the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally and forever release, relinquish, acquit, and discharge the Released Parties from, and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class, any and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments, and demands of whatever kind, type or nature whatsoever, both at law and in equity, whether past, present, or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, that arose during the Class Period, whether based on federal, state, or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiff or Class Members ever had, now have, may have, or hereafter can, shall, or may ever have against the Released Parties that were or reasonably could have been alleged in the Action or in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to claims that were or reasonably could have been alleged in the Action, including, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to (1) the claims alleged in the Action, (2) any communications, disclosures, nondisclosures, representations, statements, claims, omissions, warnings, messaging, marketing, advertising, promotion, packaging, displays, brochures, sale, and/or resale by the Released Parties of the Eligible Products arising from or in any way whatsoever relating to claims that were or reasonably could have been alleged in the Action; (3) any claims for rescission, restitution, or unjust enrichment for all damages of any kind related to the purchase, sale, or marketing of the Eligible Products arising from or in any way whatsoever relating to claims that were or reasonably could have been alleged in the Action; (4) violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes related to the purchase, sale, or marketing of the Eligible Products arising from or in any way whatsoever relating to claims that were or reasonably could have been alleged in the Action; (5) any violation of the Uniform Commercial Code, any breaches of express, implied, and/or

any other warranties, any similar federal, state, or local statutes, codes related to the purchase, sale, or marketing of the Eligible Products arising from or in any way whatsoever relating to claims that were or reasonably could have been alleged in the Action; or (6) damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs related to the purchase, sale, or marketing of the Eligible Products arising from or in any way whatsoever relating to claims that were or reasonably could have been alleged in the Action.

C.      Notwithstanding the language in this section and/or this Agreement, the Plaintiff and the other members of the Class are not releasing (1) any claims of or relating to personal injury; and (2) any of Defendant's obligations pursuant to this Agreement.

D.      Plaintiff represents and warrants that he is the sole and exclusive owner of all claims that he is personally releasing under this Agreement.  Plaintiff further acknowledges that he has not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action.

E.      Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Plaintiff's Counsel, or by Plaintiff or the Class Members.

F.      Plaintiff expressly understands and acknowledges, and all Class Members will be deemed by the Final Order and Final Judgment to acknowledge, that certain principles of law, including, but not limited to, **Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."** To the extent that anyone might argue that these principles of law are applicable, Plaintiff hereby agrees that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released

30

by Plaintiff and all Class Members.

G.     Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed in the Agreement.

H.     Plaintiff and Defendant hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

## IX.     ATTORNEYS' FEES AND EXPENSES AND INDIVIDUAL PLAINTIFF AWARD

A.     Class Counsel agrees to make and Barbara's Bakery agrees not to oppose, an application for an award of Attorneys' Fees and Expenses in the Action that will not exceed an amount equal to twenty-five percent (25%) of the Settlement Fund (One Million Dollars ($1,000,000), which shall be the sole aggregate compensation paid by Barbara's Bakery for Class Counsel representing the Class.  The ultimate award of Attorneys' Fees and Expenses will be determined by the Court.

B.     The denial, downward modification, or failure to grant the request for Attorneys' Fees and Expenses shall not constitute grounds for modification or termination of this Agreement or the proposed Settlement.  The Parties negotiated the amount of the Attorneys' Fees and Expenses to be sought by Class Counsel only after reaching an agreement upon the relief provided to the Class.

C.     Barbara's Bakery agrees to pay, and shall pay or cause to be paid, an initial payment to Class Counsel of seven-tenths (7/10) of the amount of Attorneys' Fees and Expenses awarded by the Court ("First Fee Payment"), within ten (10) calendar days after entry of the Court's order so awarding Attorneys' Fees and Expenses, notwithstanding any appeal, and upon service of a fully executed Stipulated Undertaking and Order by Class Counsel, substantively in the form attached hereto as Exhibit 10, to Barbara's Bakery's Counsel.  The Stipulated Undertaking and Order shall provide that Class Counsel are jointly and severally liable to Barbara's Bakery for the repayment of the First Fee Payment, without interest, should the Final Order be reversed or the fee order reversed or reduced on appeal. In addition, no interest will accrue on such amounts at any time.

D.     If the Final Order and Final Judgment (or the order awarding Attorneys' Fees and Expenses) is reversed, vacated, modified, and/or remanded for further proceedings or otherwise disposed of in any manner other than one resulting in an affirmance, then Plaintiff's Counsel (or, as

31

applicable, any and all successor(s) or assigns of their respective firms) shall, within ten (10) calendar days of such event, (i) repay to Barbara's Bakery, as applicable, the full amount of the First Fee Payment paid to them, or (ii) repay to Barbara's Bakery the amount by which the award of Attorneys' Fees and Expenses has been reduced.  Counsel Counsel (or, as applicable, any and all successor(s) or assigns of their firm) shall be jointly and severally liable for repayment to Barbara's Bakery of the First Fee Payment, without interest, and each such entity shall execute a guarantee of repayment concurrently with this Agreement.

E.     Barbara's Bakery agrees to pay and shall pay or cause to be paid a final payment of the remaining three-tenths (3/10) of the Attorneys' Fees and Expenses awarded by the Court ("Final Fee Payment"), to Class Counsel within ten (10) calendar days after the Final Settlement Date.

F.     Class Counsel may petition the Court for an incentive award of up to Two Thousand Five Hundred Dollars ($2,500.00) for Plaintiff.  The purpose of such an award shall be to compensate Plaintiff for efforts and risks taken by him on behalf of the Class.  Barbara's Bakery agrees to pay and shall pay or cause to be paid an incentive award made and approved by the Court ("Incentive Award") within ten (10) calendar days after the occurrence of the Final Settlement Date in accordance with the instructions provided by Class Counsel.

G.     Barbara's Bakery shall not be liable for or obligated to pay any fees, expenses, costs, or disbursements to, or incur any expense on behalf of, any person or entity, either directly or indirectly, in connection with the Action or this Settlement Agreement, other than the amount or amounts expressly provided for in this Settlement Agreement.

## X.     PRELIMINARY APPROVAL ORDER, FINAL ORDER, FINAL JUDGMENT AND RELATED ORDERS

A.     The Parties shall seek from the Court, within fifteen (15) business days after the execution of this Agreement, a Preliminary Approval Order in a form substantially similar to Exhibit 5.  The Preliminary Approval Order shall, among other things:

1.     Certify a nationwide settlement-only class, approve Plaintiff Richard W. Trammell as class representative and appoint Tina Wolfson and Robert Ahdoot of Ahdoot & Wolfson, PC as counsel for the class, pursuant to Fed. R. Civ. P. 23;

1      2.     Preliminarily approve the Settlement;

2      3.     Require the dissemination of the Notice and the taking of all necessary and

3  appropriate steps to accomplish this task;

4      4.     Determine that the notice complies with all legal requirements, including, but

5  not limited to, the Due Process Clause of the United States Constitution;

6      5.     Schedule a date and time for a Fairness Hearing to determine whether the

7  Preliminary Approval Order should be finally approved by the Court;

8      6.     Require Class Members who wish to exclude themselves to submit an

9  appropriate and timely written request for exclusion as directed in the Agreement and Class Notice and

10  that a failure to do so shall bind those Class Members who remain in the Class;

11      7.     Require Class Members who wish to object to the Agreement to submit an

12  appropriate and timely written statement as directed in the Agreement and Class Notice;

13      8.     Require Class Members who wish to appear to object to the Agreement to

14  submit an appropriate and timely written statement as directed in the Agreement and Class Notice;

15      9.     Require attorneys representing individual Class Members, at their own expense,

16  to file a notice of appearance as directed in the Agreement and Class Notice;

17      10.    Issue a preliminary injunction pursuant to the Agreement;

18      11.    Appoint the Settlement Administrator and/or the Notice Administrator;

19      12.    Authorize Barbara's Bakery to take all necessary and appropriate steps to

20  establish the means necessary to implement the Agreement;

21      13.    Issue other related orders to effectuate the preliminary approval of the

22  Agreement.

23      B.     After the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order

24  and Final Judgment in the forms substantially similar to Exhibits 3 and 4, respectively.  The Final

25  Order and Final Judgment shall, among other things:

26      1.     Find that the Court has personal jurisdiction over all Class Members, the Court

27  has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper.

28      2.     Finally approve the Agreement and Settlement, pursuant to Fed. R. Civ. P. 23;

3.      Finally certify the Class for settlement purposes only;

4.      Find that the notice and the notice dissemination methodology complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

5.      Dismiss the Action with prejudice;

6.      Incorporate the Release set forth in the Agreement and make the Release effective as of the date of the Final Order and Final Judgment;

7.      Issue a permanent injunction pursuant to the Agreement;

8.      Authorize the Parties to implement the terms of the Agreement;

9.      Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Agreement, the Final Order and Final Judgment, and for any other necessary purpose; and

10.      Issue related Orders to effectuate the final approval of the Agreement and its implementation.

## XI.      MODIFICATION OR TERMINATION OF THIS AGREEMENT

A.      The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not limit the rights of Class Members under this Agreement.

B.      This Agreement shall terminate at the discretion of either Barbara's Bakery or Plaintiff, through Class Counsel, if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement that the terminating party reasonably determines is material, including, without limitation, the terms of relief, the findings, or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order and Judgment, or any of the Court's findings of fact or conclusions of law, that the

34

terminating party in his or her sole judgment and discretion reasonably determines is material.  The terminating party must exercise the option to withdraw from and terminate this Agreement, as provided in this Section XI, by a signed writing served on the other Parties no later than twenty (20) calendar days after receiving notice of the event prompting the termination.  In the event that a terminating party exercises his or her option to withdraw from and terminate this Agreement, this Agreement and the Settlement proposed herein shall become null and void and the Parties will be returned to their respective positions existing immediately before the execution of this Agreement.

C.      If an option to withdraw from and terminate this Agreement arises under Section IX.B above, neither Barbara's Bakery nor Plaintiff is required for any reason or under any circumstance to exercise that option and any exercise of that option shall be in good faith.

D.      If this Agreement is terminated pursuant to Section IX.B, above, then:

1.      This Agreement shall be null and void and shall have no force or effect, and no Party to this Agreement shall be bound by any of its terms, except for the terms of this Section XI.D of this Agreement;

2.      The Parties will petition to have any stay orders entered pursuant to this Agreement lifted;

3.      All of its provisions, and all negotiations, statements, and proceedings relating to it shall be without prejudice to the rights of Barbara's Bakery, Plaintiff or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that neither party's substantive or procedural rights is prejudiced by the attempted Settlement;

4.      Released Parties expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action, including, without limitation, the argument that the Action may not be litigated as a class action;

5.      Plaintiffs and all other Class Members, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of actions or

remedies that have been or might later be asserted in the Action including, without limitation, any argument concerning class certification, consumer fraud, and treble or other damages;

6.    Neither this Agreement, the fact of its having been made, nor the negotiations leading to it, nor any discovery or action taken by a Party or Class Member pursuant to this Agreement, or any documents or communications pertaining to this Agreement shall be admissible or entered into evidence for any purpose whatsoever in the Action or in any proceeding, other than to enforce the terms of this Agreement;

7.    The Parties stipulate that any Settlement-related order(s) or judgment(s) entered in this Action after the date of execution of this Agreement shall be deemed vacated and shall be without any force or effect;

8.    All costs incurred in connection with the Settlement, including, but not limited to, notice, publication, and customer communications (excluding the Attorneys' Fees and Expenses) will be paid from the Settlement Fund, and any remaining amounts from the Initial Deposit or the Settlement Fund will be returned to Barbara's Bakery with an accounting of amounts spent within ten (10) calendar days.  Neither the Class, Plaintiff nor Class Counsel shall be responsible for any of these costs or other Settlement-related costs; and

9.    Notwithstanding the terms of this paragraph, if Settlement is not consummated, Plaintiff's Counsel may include any time spent in Settlement efforts as part of any statutory fee petition filed at the conclusion of the case, and Barbara's Bakery reserves the right to object to the reasonableness of such requested fees.

E.    Notwithstanding any provision herein, the amount of any award by the Court, if any, for the Incentive Award or the Attorneys' Fees and Expenses shall not operate to terminate or cancel this Agreement. The Parties negotiated the amount of the Attorneys' Fees and Expenses and the Incentive Award to be sought by Class Counsel and Plaintiff, respectively, only after reaching an agreement upon the relief provided to the Class.

## XII.    **GENERAL MATTERS AND RESERVATIONS**

A.    The obligation of the Parties to conclude the proposed Settlement is and shall be contingent upon entry by the Court of the Final Order and Final Judgment approving the Settlement, from which the time to appeal has expired or which has remained unmodified after any appeal(s).

B.    This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases provided in it, nor any consideration for the Agreement, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any party. Barbara's Bakery expressly denies the allegations of Plaintiff's complaints. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Barbara's Bakery, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Barbara's Bakery in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

C.    The Parties and their counsel agree to keep the existence and contents of this Agreement confidential until the date on which the Agreement is filed with the Court, provided, however, that this section shall not prevent Barbara's Bakery from disclosing such information, prior to the date on which the Agreement is filed, to state and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers, or attorneys, nor shall it prevent the Parties and their counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Agreement; provided further, that Barbara's Bakery may disclose publicly the terms of the Agreement that it deems necessary to meet its regulatory obligations or fiduciary duties.

D.    Plaintiff and Plaintiff's Counsel agree that the confidential information made available to them solely through the settlement process was made available, as agreed to, on the condition that

37

neither Plaintiff nor his counsel may disclose it to third parties (other than experts or consultants retained by Plaintiff in connection with this case); that it not be the subject of public comment; that it not be used by Plaintiff or Plaintiff's Counsel in any way in this litigation should the Settlement not be achieved, and that it is to be returned if the Settlement is not concluded; provided, however, that nothing contained in this Agreement shall prohibit Plaintiff from seeking such information through formal discovery or from referring to the existence of such information in connection with the Settlement of this litigation.

E.      Within one hundred and eighty (180) calendar days after the Final Settlement Date (unless the time is extended by agreement of the Parties), Plaintiff's Counsel, and any expert or other consultant employed by them in such capacity or any other individual with access to documents provided by Barbara's Bakery to Plaintiff's Counsel, shall either: (i) return to Barbara's Bakery's Counsel, all such documents and materials (and all copies of which documents in whatever form made or maintained) produced by Barbara's Bakery in the Action and any and all handwritten notes summarizing, describing, or referring to such documents; or (ii) certify to Barbara's Bakery's Counsel that all such documents and materials (and all copies of such documents in whatever form made or maintained) produced by Barbara's Bakery in the Action any and all handwritten notes summarizing, describing, or referring to such documents have been destroyed, provided, however, that this section shall not apply to any documents made part of the record in connection with a Claim, nor to any documents made part of a Court filing, nor to Plaintiff's Counsel's work product.  Barbara's Bakery's Counsel agrees to hold all documents returned by Plaintiff's Counsel, and any expert or other consultant or any other individual employed by Plaintiff's Counsel in such capacity with access to documents provided by Barbara's Bakery until one year after the distribution of the Settlement Fund Balance to Class Members who submitted valid Claim Forms.

F.      Two (2) years after the distribution of the Settlement Fund Balance to Class Members who submitted acceptable Claim Forms, the Settlement Administrator and Notice Administrator shall destroy any and all documents and materials related to the Action or this Settlement, including any Claim Forms, information related to Class Members, and  any and all information and/or documentation submitted by or relating to Class Members.

G.      Barbara's Bakery's execution of this Agreement shall not be construed to release —
and Barbara's Bakery expressly does not intend to release — any claim Barbara's Bakery may have or
make against any insurer for any cost or expense incurred in connection with this Settlement,
including, without limitation, for attorneys' fees and costs.

H.      Class Counsel represent that: (1) they are authorized by Plaintiff to enter into this
Agreement on behalf of Plaintiff; and (2) they are seeking to protect the interests of the Class.  Class
Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice,
and dismissal of the Action, pursuant to the terms and conditions of this Agreement.

I.      Plaintiff represents and certifies that: (1) he has agreed to serve as a representative of
the Class; (2) he is willing, able, and ready to perform all of the duties and obligations of a
representative of the Class; (3) he has read the operative complaint, or has had the contents of such
pleadings described to him; (4) he is familiar with the results of the fact-finding undertaken by Class
Counsel; (5) he has read this Agreement or has received a detailed description of it from Class Counsel
and he has agreed to its terms; (6) he has consulted with Class Counsel about the Action and this
Agreement and the obligations imposed on a representative of the Class; (7) he has authorized Class
Counsel to execute this Agreement on his behalf; and (8) he shall remain and serve as a representative
of the Class until the terms of the Agreement are effectuated, this Agreement is terminated in
accordance with its terms, or the Court at any time determines that Plaintiff cannot represent the Class.

J.      Barbara's Bakery represents and warrants that the individual(s) executing this
Agreement is/are authorized to enter into this Agreement on behalf of Barbara's Bakery.

K.      The Parties (including their counsel, successors, and assigns) agree to cooperate fully
and in good faith with one another and to use their best efforts to effectuate the Settlement, including
without limitation in seeking preliminary and final Court approval of this Agreement and the
Settlement embodied herein, carrying out the terms of this Agreement, and promptly agreeing upon
and executing all such other documentation as may be reasonably required to obtain final approval by
the Court of the Settlement.  In the event that the Court fails to approve the Settlement or fails to issue
the Final Order and Final Judgment, the Parties agree to use all reasonable efforts, consistent with this
Agreement and subject to Section XI.B herein, to cure any defect identified by the Court.  Each party

will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder.  Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

L.      This Agreement, complete with its exhibits, sets forth the sole and entire agreement among the Parties with respect to its subject matter, and it may not be altered, amended, or modified except by written instrument executed by Class Counsel and Barbara's Bakery's Counsel.  The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed in this Agreement exist among or between them and that in deciding to enter into this Agreement, they rely solely upon their judgment and knowledge.  This Agreement supersedes any prior agreements, understandings, or undertakings (written or oral) by and between the Parties regarding the subject matter of this Agreement.

M.      This Agreement and any amendments thereto shall be governed by and interpreted according to the laws of the State of California, notwithstanding its conflict of laws provisions.

N.      Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which this Action is pending.

O.      Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

      1.      If to Barbara's Bakery, then to:

> Clement L. Glynn
> GLYNN & FINLEY, LLP
> 100 Pringle Avenue, Suite 500
> Walnut Creek, California  94596
> Telephone:  925-210-2801
> Facsimile:  925-945-1975
> E-mail: cglynn@glynnfinley.com

1

        2.      If to Plaintiff, then to:

2

3
        Tina Wolfson
        Robert Ahdoot
4
        AHDOOT & WOLFSON, PC
        10850 Wilshire Blvd., Suite 370
5
        Los Angeles, California 90024
        Telephone: 310-474-9111
6
        Facsimile: 310-474-8585
        E-mail: twolfson@ahdootwolfson.com
7
                rahdoot@ahdootwolfson.com

8
      P.      All time periods set forth herein shall be computed in calendar days unless otherwise

9
expressly provided. In computing any period of time prescribed or allowed by this Agreement or by

10
order of the Court, the day of the act, event, or default from which the designated period of time

11
begins to run shall not be included.  The last day of the period so computed shall be included, unless it

12
is a Saturday, a Sunday, or a Legal Holiday (as defined in Fed. R. Civ. P. 6(a)(6)), or, when the act to

13
be done is the filing of a paper in court, a day on which weather or other conditions have made the

14
office of the clerk of the court inaccessible, in which event the period shall run until the end of the next

15
day that is not one of the aforementioned days.

16
      Q.      The Parties reserve the right, subject to the Court's approval, to agree to any reasonable

17
extensions of time that might be necessary to carry out any of the provisions of this Agreement.

18
      R.      The Class, Plaintiff, Class Counsel, Barbara's Bakery, or Barbara's Bakery's Counsel

19
shall not be deemed to be the drafter of this Agreement or of any particular provision, nor shall they

20
argue that any particular provision should be construed against its drafter or otherwise resort to the

21
*contra proferentem* canon of construction.  All Parties agree that the Parties' counsel drafted this

22
Agreement during and as a result of extensive arm's length negotiations.  No parol or other evidence

23
may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their

24
counsel, or the circumstances under which this Agreement was made or executed.

25
      S.      The headings in this Agreement are inserted merely for the purpose of convenience and

26
shall not affect the meaning or interpretation of this document.

27
      T.      The Parties expressly acknowledge and agree that this Agreement and its exhibits,

28
along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence,

constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Agreement, any of its provisions or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, Plaintiff, or the Class, or as a waiver by the Released Parties, Plaintiff, or the Class of any applicable privileges, claims, or defenses.

U.      Plaintiff expressly affirms that the allegations contained in the complaints filed in the Action were made in good faith and have a basis in fact, but considers it desirable for the Action to be settled and dismissed because of the substantial benefits that the proposed Settlement will provide to Class Members.

V.      The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

W.      The waiver by one party of any breach of this Agreement by another party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

X.      If one party to this Agreement considers another party to be in breach of its obligations under this Agreement, that party must provide the breaching party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

Y.      The Parties, their successors and assigns, and their counsel agree to cooperate fully with one another in seeking Court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed Settlement.

1    Z.    This Agreement may be signed with a facsimile signature and in counterparts, each of

2    which shall constitute a duplicate original.

3        Agreed to on the date indicated below.

4

5    APPROVED AND AGREED TO BY THE PLAINTIFF

6

7
   BY_____        DATE_____
8        RICHARD W. TRAMMELL

9

10   APPROVED AND AGREED TO BY CLASS COUNSEL

11

12   BY_____        DATE_____
       Tina Wolfson
13       AHDOOT & WOLFSON, PC

14

15
   APPROVED AND AGREED TO BY AND ON BEHALF OF
16   BARBARA'S BAKERY, INC.

17
   BY_____        DATE April 25, 2013
18   NAME:    STEPHEN VAN TASSEL
19   TITLE:    CEO

20

21   APPROVED AND AGREED TO BY BARBARA'S BAKERY'S COUNSEL

22

23   BY_____        DATE 4. 25. 13
24   Clement L. Glynn
     GLYNN & FINLEY, LLP
25

26

27

28                        43
   3:12-cv-02664-CRB: SETTLEMENT AGREEMENT

Z.    This Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

Agreed to on the date indicated below.

APPROVED AND AGREED TO BY THE PLAINTIFF


BY _____          DATE 24 Apr. 13 _____
    RICHARD W. TRAMMELL


APPROVED AND AGREED TO BY CLASS COUNSEL


BY _____          DATE _____
    Tina Wolfson
    AHDOOT & WOLFSON, PC


APPROVED AND AGREED TO BY AND ON BEHALF OF
BARBARA'S BAKERY, INC.

BY _____          DATE _____
NAME:
TITLE:


APPROVED AND AGREED TO BY BARBARA'S BAKERY'S COUNSEL


BY _____          DATE _____
    Clement L. Glynn
    GLYNN & FINLEY, LLP

43

1    Z.    This Agreement may be signed with a facsimile signature and in counterparts, each of

2  which shall constitute a duplicate original.

3        Agreed to on the date indicated below.

4

5  APPROVED AND AGREED TO BY THE PLAINTIFF

6

7

8  BY_____          DATE_____
        RICHARD W. TRAMMELL

9

10 APPROVED AND AGREED TO BY CLASS COUNSEL

11

12 BY  _____          DATE____ 4/25/13
        Tina Wolfson

13      AHDOOT & WOLFSON, PC

14

15

16 APPROVED AND AGREED TO BY AND ON BEHALF OF
   BARBARA'S BAKERY, INC.

17

18 BY_____          DATE_____
   NAME:

19 TITLE:

20

21 APPROVED AND AGREED TO BY BARBARA'S BAKERY'S COUNSEL

22

23 BY_____          DATE_____

24      Clement L. Glynn
        GLYNN & FINLEY, LLP

25

26

27

28
                                43